IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN STEVEN LUPTON,   Plaintiff, | )))) |
| v. | ) No. 05 C 1469 |
| CENTURY GROUP MERGERS & ACQUISITIONS,   Defendant. | )))))) |

## MEMORANDUM ORDER

John Steven Lupton ("Lupton") has just filed a five-count Complaint against Century Group Mergers & Acquisitions ("Century Group"), invoking federal jurisdiction on diversity of citizenship grounds. Although there is no question that the over-$75,000 amount in controversy requirement has been satisfied, this memorandum order is issued sua sponte because of the flawed nature of the Complaint's allegations as to citizenship.

First, Complaint ¶3 identifies Lupton as "an individual who resides in West Yorkshire, England." But as taught by Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), quoting Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

Nor does Complaint ¶4 do the job as to Century Group. To begin with, it is unclear whether it is or is not a corporation

(a matter that is left open to question because of the absence from its name of "Inc.," "Corp.," "Ltd." or the like). And even if it *is* incorporated, Complaint ¶4 speaks only of its principal place of business, without any identification of the other facet of citizenship specified in 28 U.S.C. §1332(c)(1): its place of incorporation.

This Court is loath to order dismissal of this action now, an order that would compel Lupton to invest another $250 in filing fees if the defects identified here are readily curable. Accordingly Complaint ¶¶3 and 4 are stricken, with leave granted to Lupton to file an appropriate amendment to the Complaint (not a self-contained Amended Complaint) in this Court's chambers on or before March 25, 2005. At the same time, there is no reason that Lupton should have to pay for his counsel's oversight, so counsel is directed (1) to make no charge for lawyers' time and any expense involved in preparing the amendment and (2) to advise Lupton accordingly (with a copy of counsel's letter to that effect to be delivered to this Court's chambers purely for information, not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 14, 2005